Scott Dreher, along with my colleague Matthew Miller, for the plaintiff Bruce Talley and the appellant in the case. I was informed that the other side had elected not to attend, and in that event, unless your honors have any questions, I'm prepared to be quiet and sit down. Well, it doesn't quite, you know, just because they didn't appear doesn't mean you win. No, no, I understand that. We did ask the clerk yesterday, though, to call just to verify that they weren't going to show up. Yes, and he did call, and I just didn't get the message. And the counsel for, I forget who it was, advised the clerk that they weren't showing up because the state court of appeal had handed down a decision that they believed mooted this case. And it was Talley v. Miller and Schroeder, an unreported decision by the California court of appeal, which seems, you know, I just saw it last night, and I haven't had a chance to carefully read it and digest it, but it seems to suggest that the very complaint here that was referenced in the brief decided all these issues against you. So why isn't this case moot? The case is not moot, and that's a great question, and I did bring copies of that opinion. And by the way, how come you didn't tell us about it? Because, Your Honor, the briefing had been done, and we just got the decision a few months ago. You're not familiar with 28J of the Federal Rules of Appellate Procedure? I am, Your Honor. You didn't think this case was relevant to the pending appeal? It's relevant, but I think it supports our side. Then explain to me, one, why it doesn't moot your case, and two, why it supports your case. It does support our case because the court found two things. First of all, it found in the central part of its opinion that Mr. Talley's independent claims against the defendants that were supposedly barred by the bar order were, in fact, independent claims and were not disguised indemnity and contribution claims, which, as the case law cited in the brief says, was the purview of the court where the case was pending to make that determination. But the court, as I agree, my limited reading of the Court of Appeals' opinion is that the court upheld the bar orders. It did not uphold the bar order, Your Honor, respectfully disagreeing. It deferred to the bar order and specifically cited – But it barred the claim from going forward. It sustained the court, the trial court's ruling on the demers. It said, the Court of Appeals specifically said, we have to defer to a federal court bar order, which even though it's on appeal and may be overturned, is binding upon us now. And if it's overturned, the court specifically left open the issue of readdressing these claims. It did not dismiss the case without prejudice. In fact, against one of the defendants against whom a bar order had not yet been issued, Valuation Counselors and U.S. Trust, the court affirmed our appeal and reinstated our case. The only reason the court dismissed anything was because there was a pending bar order, which even though on appeal, it was forced to defer to. Did it construe your claims as being independent claims? Yes, indeed. See, that's why we like to get these ahead of time. It doesn't do you very much good to come in and have us find it out by accident the evening before. We haven't had time to really digest this. And I apologize. The reason I don't think. . . Don't walk away because you're being tape recorded, and you walk away from those mics. I apologize. And I just apologize for not submitting it sooner. I can bring copies over, but. . . We have copies. We have copies. You can bust log it and print it right off. But secondly, we have never thought, and I think we argued in the brief, that it was not the purview of the district court to make a finding of whether they're independent claims. The court is empowered by a statute, which is the first thing they tell you in law school. You know, start with a statute. The statute says you bar future claims for contribution. That's all the district court had before it. Mr. Talley was not a party before the court at the time of the bar orders. His claims were not pending there. This court made no. . . the district court, excuse me, made no determination as to whether the state court. . . And, in fact, the case law that came up in the research indicated that it was not the purview of a district court on a bar order to make that determination. We always need to be certain that these alleged independent claims are just not masquerading as claims for contribution and indemnity. Well, that's right, and the district court made no such finding. It had no basis to find that they were or were not masquerading, and that was not the purview of the court on a bar order hearing. The bar order hearing is to determine whether defendants who are settling with plaintiffs in a federal court class action case have paid their fair share such that they get a bar against future contribution claims. They don't get a bar against any old tort claim that's out there because to do so would allow somebody to say, I want to bar all related claims and may not even have to tell people that those claims were barred. Counsel, what I hear you saying, then, is that this court, the federal system, is done with this once the court enters its reasonable determination in the bar order, and then it goes back to the state court in your client's attempt to show that the bar order doesn't prevent him going forward. So why are we appealing? We appeal the bar orders because the defendants use the bar orders to quash Mr. Talley's claims when those bar orders cannot properly quash his state court claims. And they have the right to bring them in and say, Your Honor, these are disguised contribution claims. They never did that, even in the state court appeal. They never did that. All they did was show the court the bar order that says Mr. Talley's claims are barred. That's all it says. It says all claims related to the Heritage Bonds case. The appellate court in San Diego simply deferred and said there's a bar order. It purports on its face to bar Mr. Talley's claims because it says, quote, Mr. Talley's claims. Nobody has made any analysis, except in the case of valuation counselors in U.S. Trust, whether Mr. Talley's claims are independent, non-contribution claims. And when the court made that determination, it in fact found that they were not contribution or indemnity claims. But those were never before this court. The district court never even heard that or analyzed that issue. He had nothing before him except labels. Now, the court cited law that says, well, I can district. Let me stop you there. Wouldn't it have been incumbent upon Mr. Talley to put before the district court judge what those claims were? As I understand it, you submitted apparently a copy of the face page of your complaint and said, This satisfies our obligation. We did not say that. It was not incumbent on Mr. Talley to make some kind of a showing. First of all, the case law said it was not incumbent on Mr. Talley to make that showing at a bar order hearing. The test on a bar order is, are the settling defendants entitled to the statutory bar of future claims for contribution? And indemnity. And indemnity. And that's what the judge did here. And what does he know about Mr. Talley's claims? The judge did not bar just those claims. He went beyond that and barred, in fact, all claims related to the heritage bonds. Well, didn't you say object? I object. I did. I filed an objection. I object because these are independent claims. And here's why they're independent. So what you give the judge is a copy of the face complaint. You know, a copy of just the facial, what lists the causes of action that are in the complaint. That's right. Why didn't you provide him with the entire complaint, all allegations in the complaint, so he could evaluate them?  Why didn't we need to? Because it was the purview of the trial court where the claims were pending to make that determination. That's what the case law says. The trial court. Which case do you rely upon for that statement you just made? You keep saying the case law says this and the case law says that. Which case? I believe it's the Gerber case, Your Honor. Excuse me just a second. I can find it cited in the reply brief. Well, Gerber I don't think helps you particularly. I mean, Gerber holds that it's the obligation of the party attempting to use the bar order to present sufficient evidence in order to trigger an exception to the bar order. Your Honor, the court in Gerber modified the bar order and said that in the absence of any finding from the courts below that no such claims exist, a modification of the bar orders is necessary to ensure that the only claims that are extinguished are claims where the injury is the non-settling defendant's liability to the plaintiff. Mr. Talley didn't get any benefit from the settlement that the other defendants paid to the Betkers. He had claims against the defendants that were not indemnity claims. They ruined his life. And to say that one of the quotes the court. Stay on point here, counsel. Yes, yes. You're going to run out of time otherwise. I saw the clock. I'm sorry about that. The question that I would ask you is, is it the party who is attempting to say my claims are not barred by the bar order? Not barred by the bar order. Isn't the obligation on him to put sufficient facts forward that the court can make that determination? Not in the district court. The obligation of the district court is to use what's before it and follow the statute. The statute says you can bar only claims for contribution. Maybe the district court thought he was also barring claims or masquerading as claims for contribution. Then he can bar those, but he doesn't make the determination of what's being masqueraded. That's up to the defendants to say we have a bar order judge. Now analyze that in the state court. All they get is a bar order which bars contribution claims. It doesn't make a determination as to every claim that might be out there that may or may not be a barred claim. That would require parties who may not even have notice of the proceedings to come forward and contest the bar order. Let me just clarify one other thing. You're over your time now. Sorry. Let me clarify one other point. Your whole point is based on the PSLRA, Private Securities Litigation Reform Act? Yes. And not so much on California's good faith settlement. Right. There was a good faith settlement determination here under California Code of Civil Procedure Section 877. I believe they made the bar order motion on both the California statute and the PSLRA. What's the interrelationship between the two? They're very similar. They're very similar. The PSLRA is probably a little more specific in that it specifically says only contribution. Indemnity has been implied into that because they're essentially the same. The state court statute says contribution and express and implied. Excuse me. How have the state courts of appeal dealt with claims of alleged independent torts masquerading as claims for contribution and indemnity? They review those on a case-by-case basis in the court that has those claims pending in front of it. So if a federal court enters a bar order saying which is clear that it's to reach contribution, indemnity, or any claim that is disguised under a different – if you're fraud claims and interference in contract, all of those are really just contribution or indemnity claims, the state court makes that adjudication on the facts before and the complaint and whatever is alleged before it in the San Diego court is what you're saying, looks at it. Let's suppose that the state court errs and really does give a pass to pursuing those claims, even though they are legally barred. Is that – how does that – I don't understand how that works out then. Where is the enforcement capability of the federal court to make sure that its order is complied with? I think once the bar is issued, the state appellate court will hear the case and make some ruling. I'm saying the state court blows it off, basically says, well, you know, this – we just don't think this is fair, so we're going to let – we're going to construe it. These claims that are being made here are not being – are not barred, even though if this were fairly litigated, fairly decided, then they would clearly be barred. But the federal court doesn't – you're saying the federal court, once it makes its – enters the bar order, it's up to the state courts to give it full faith and credit. And so what's the enforcement mechanism to make sure that they do? I guess that's my question. The enforcement – yes, the enforcement mechanism is the trial court, wherever that may be. The enforcement mechanism of full faith and credit to the bar – to the federal court's order. Right. And someone has to make that factual determination, and that's the court where the factual issues are pending, which is the state court in the situation Your Honor envisioned. The state court blatantly violates it as a matter of clear fact and law, but the federal court doesn't. What does the federal court have, then, to assure that its bar order really gets adequately enforced? Well, I think I'm disconnecting with Your Honor, because the state court makes the factual determination, are these or are these not? I'm positing, hypothetically, the state court blows off the federal court order and makes a bogus factual determination that this really isn't a disguised claim, and yet, in fact, it is. Where's the remedy, then, to the defendant who thought he had a bar order and is now getting whammied in the state court because the state court declines to follow, in practical effect, the federal bar order? I can't imagine that happening, but I think if the federal court – if the state trial court and the state appellate court and the state supreme court all make factual findings that it's not within the purview of the federal court order, I think the defendants who have the burden of challenging it on appeal are stuck with that. So your whole point here is just that the district court's order – language in the order here was too broad. Exactly. We're not denying that they're entitled to the language of a bar order. It's just not the district court's purview to determine what claims are and aren't specifically labeled contribution claims. So would you have us adopt the language that the Court of Appeal for the Second Circuit utilized in the – what's the name of that case? The Gerber case? The Gerber case, yeah. I think that's what we asked in our brief, is that the court should make similar modifications to the order in this case. Okay. All right. Well, you've used up your five minutes of your opponent's time. Thank you very much. You don't have to show up. Thank you. The case argued is submitted. A word to the wise next time. Use 28J. I apologize, sir. Thank you. We got it. Thank you. All right. The next case on calendar is United States v. Rangel. That case is submitted on the briefs, and we will proceed to Gerber v. Hartford Life and Accident Insurance Company.
judges: Fisher, Paez, Robart